**UNITED STATES of America,**
**Appellee,**

v.

**Francis BIEAR, Defendant–Appellant.**

**No. 02–1726.**

United States Court of Appeals,
Second Circuit.

Sept. 29, 2003.

Bart G. Van De Weghe and Meir Feder, Assistant U.S. Attorneys, New York, NY, for Appellee.

Theodore S. Green, White Plains, NY, for Defendant–Appellant.

Present: POOLER, SACK, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Francis Biear appeals from a Memorandum Decision, dated November 15, 2002, of the U.S. District Court for the Southern District of New York (Charles L. Brieant, J.). The decision affirmed the Judgment of Conviction, dated July 16, 2001 (Martin R. Goldberg, M.J.), which found Biear guilty of violating 38 CFR § 1.218(a)(5) (Disorderly Conduct).

### I.

The relevant events took place on the morning of September 14, 2001 at the Veterans Administration Hospital at Castle Point, New York. Biear arrived at the hospital's walk-in clinic seeking refills of prescribed medications. As testified to at the bench trial before Magistrate Judge Goldberg, one nurse observed Biear "incessantly and loudly speaking, pacing back and forth, and talking constantly without sitting down." Various other nurses testified that Biear's conduct degenerated to the point of including foul language; sexist, racial and ethnic slurs; and at least one act of spitting. There was also testimony that Biear uttered several threats of at least implied violence toward the nurses and security personnel.

After hospital security officers unsuccessfully sought to calm Biear down, they issued him an appearance ticket. He was subsequently charged in a misdemeanor information with one count of disorderly conduct under 38 CFR § 1.218(a)(5). Biear testified at the bench trial, and "indicated that he used the words 'fucking, fuck, bitch'". He also testified that although he "didn't spit in front [of] Nurse Quadalupe Ford, ... he made a gesture as if he spat."

Biear was found guilty and sentenced to one year of supervised release.

### II.

Biear raises three challenges to his conviction. We find each of these to be without merit.

A. Absence of Order to Leave the Premises. Biear argues that he was improperly convicted because he was not requested or ordered to leave hospital premises before he was arrested. As the district court correctly found, however, Section 1.218(b) sets forth penalties for refusing to leave hospital premises after being ordered to do so, but it does not contain any requirement that an order be directed at an individual before arrest is proper.

B. The First Amendment Issue. Biear contends that Section 1.218(b) violates the First Amendment, as least as applied to the conduct for which he was arrested.

This challenge is made especially difficult by the fact that Biear did not raise it at trial. Because he "failed in the district court to preserve this claim of error for appeal, we review it for plain error." *U.S. v. Weintraub,* 273 F.3d 139, 144 (2d Cir. 2001). "For error to be plain, it must, at a minimum, be clear under current law." *Id.* at 152. But "[n]o binding precedent, whether at the time of trial or appeal, supports the position that [Biear] now advances." *Id.* We doubt that the district court erred, but in any event, any such error was not egregious, and since it is anything but obvious to us now, we can hardly conclude that Biear was convicted as a result of "an error so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object." *U.S. v. Tillem,* 906 F.2d 814, 825 (2d Cir.1990).

C. Ineffective Assistance of Counsel. Biear claims that his trial counsel failed him by not raising the two issues just considered at the bench trial. This is meritless because he prevails on neither issue.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.